# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

CAROLYN LEE DAMERON,           )
                                )
        Plaintiff,              )
                                )
    v.                          )   Case No. 08-0562-CV-W-NKL-SSA
                                )
MICHAEL J. ASTRUE,              )
Commissioner of Social Security )
                                )
        Defendant.              )
                                )

## ORDER

Plaintiff Carolyn Lee Dameron ("Dameron") challenges the Social Security Commissioner's ("Commissioner") denial of her application for a period of disability, disability insurance benefits, and supplemental security income benefits under Titles II and XVI of the Social Security Act, as amended ("the Act"). Dameron has exhausted her administrative remedies, and jurisdiction is conferred on this Court pursuant to 42 U.S.C. § 405(g) (1981) and 42 U.S.C. § 1383(c)(3) (1976).

Dameron argues that the record does not support the Administrative Law Judge's ("ALJ") finding that she was not disabled because: (1) the ALJ's credibility finding is not supported by substantial evidence on the record as a whole (contending, among other things, that the ALJ erred in not properly considering Dameron's obesity); and (2) the Vocational Expert's ("VE") testimony is not supported by substantial evidence on the record as a whole. The complete arguments are presented in the parties' briefs and will be duplicated here only

to the extent necessary.[1]  Because the Court finds that the ALJ erred in failing to follow Social Security guidelines in considering Dameron's obesity, the Court grants Dameron's petition in part, and reverses and remands the ALJ's decision for further proceedings consistent with this order.

**I.     Overview**

On February 14, 2005, at age thirty-seven, Dameron protectively filed her application for disability benefits.  Her application was denied.   On January 18, 2008, after a hearing, the ALJ found Dameron not disabled under the Social Security Act.  On June 13, 2008, the Appeals Council of the Social Security Administration denied Dameron's request for review.  Therefore, the decision of the ALJ stands as the final decision of the Commissioner.  Dameron filed her complaint with this Court on August 6, 2008.

**II.    Discussion**

**A.     Standard of Review**

In reviewing a denial of disability benefits, this Court considers whether the ALJ's decision is supported by substantial evidence on the record as a whole.  *See Travis v. Astrue*, 477 F.3d 1037, 1040 (8th Cir. 2007).  "Substantial evidence is evidence that a reasonable mind would find adequate to support the ALJ's conclusion." *Nicola v. Astrue*, 480 F.3d 885, 886 (8th Cir. 2007).  The Court will uphold the denial of benefits so long as

---

[1]Portions of the parties' briefs are adopted without quotation designated.

the ALJ's decision falls within the available "zone of choice."  *See Casey v. Astrue*, 503 F.3d 687, 691 (8th Cir. 2007).  "An ALJ's decision is not outside the 'zone of choice' simply because [the Court] might have reached a different conclusion had [it] been the initial finder of fact."  *Id.*  (quoting *Nicola*, 480 F.3d at 886).

### B. The ALJ's Decision

The ALJ found that Dameron had severe: degenerative disc disease of the cervical spine with a history of neck and upper extremity pain; dependence and possible addiction to narcotic pain medication; history of right shoulder strain with impingement syndrome, status post right shoulder arthroscopic surgery in May 2005; obesity with a height of five feet one inch and a weight of approximately 236 pounds; and an adjustment disorder with mixed features of anxiety and depression.  The ALJ also determined Dameron had non-severe: lumbar complaints and fibromyalgia.

The ALJ further found that Dameron did not have an impairment or combination of impairments listed in or medically equal to one contained in 20 C.F.R. pt. 404, subpt. P, app. 1.  The ALJ stated that Dameron's subjective allegations of disabling limitations were not supported by the evidence of record.  The ALJ concluded that although Dameron could not perform her former work as a nurse's aide, unit clerk, medical records clerk, or childcare worker, she retained the residual functional capacity (RFC) to perform other work that exists in significant numbers in the national economy.  Examples of such jobs include order clerk, document preparer, and credit checker.  Consequently, the ALJ found Dameron was not disabled.

3

## C. The ALJ's Obesity Consideration

Dameron argues that the ALJ erred in her credibility finding. Specifically, Dameron argues that the ALJ failed to properly consider the effects of Dameron's obesity.[2] Dameron also argues that the ALJ posed an inaccurate hypothetical to the VE. As set forth below, the Court finds that the ALJ erred in failing to follow Social Security guidelines in considering Dameron's obesity. The Court does not reach Dameron's other arguments because the ALJ's other determinations must be considered in conjunction with the effects of Dameron's obesity.

The Social Security Administration ("SSA") discusses their guidelines for addressing obesity for disability determinations in SSR 02-1P. "As with any other impairment, we will explain how we reached our conclusions on whether obesity caused any physical or mental limitations." SSR 02-1P. "The provisions also remind adjudicators that the combined effects of obesity with other impairments can be greater than the effects of each of the impairments considered separately." *Id.* Obesity may increase the severity of other conditions such that the combination of impairments amounts to a listing. *Id.* This may include mental disorders. *Id.* "RFC assessments must

---

[2]Dameron also contends that the ALJ incorrectly: (1) evaluated evidence in the record without using the *Polaski* factors; (2) relied on the opinions of examining physician, Dr. Clymer; (3) found that Dameron's lumbar pain was not severe; (4) concluded that Dameron was addicted to pain medication and exhibited drug-seeking behavior; (5) evaluated Dameron's mental impairment; (6) drew conclusions from Dameron's daily activities; (7) determined that there was no evidence of side effects from Dameron's medication; and (8) relied on Dameron's pending Worker's Compensation claim in her credibility finding.

4

consider an individual's maximum remaining ability to do sustained work activities in an ordinary work setting on a regular and continuing basis. . . . In cases involving obesity, fatigue may affect the individual's physical and mental ability to sustain work activity. This may be particularly true in cases involving sleep apnea." *Id.* (citing SSR 96-8p).

Dameron argues that the ALJ failed to follow SSA guidelines by not properly considering Dameron's obesity. The ALJ found that Dameron suffered from obesity – a severe impairment in this case. However, the ALJ limited her analysis of Dameron's obesity to a single sentence of her opinion, stating only that she found the residual functional capacity "secondary to [Dameron's] medical condition, including her obesity." The ALJ failed to explain how she reached her conclusions, if any, on whether obesity caused any physical or mental limitations. Furthermore, the Court is not convinced that the ALJ considered the possible combined effect of obesity with other impairments – including allegations of pain, fatigue, and depression – on Dameron's ability to do sustained work activities. The ALJ erred in failing to properly consider Dameron's obesity.

On remand, the ALJ is instructed to follow the guidelines in SSR 02-1P when considering Dameron's obesity. Specifically, the ALJ should explain how she reached her conclusions on whether obesity caused any physical or mental limitations. The ALJ should also discuss the extent, if any, to which Dameron's obesity increases the severity of each of Dameron's relevant severe and non-severe impairments. The ALJ should then

reconsider any findings that are logically affected by a proper consideration of the effects of Dameron's obesity.

By remanding this case for additional consideration, the Court does not mean to suggest what the outcome of this additional analysis should be.

## III.   Conclusion

Accordingly, it is hereby ORDERED that Dameron's Petition [Docs. ## 1, 8] is GRANTED IN PART.  The decision of the ALJ is REVERSED and the case is REMANDED for further consideration consistent with this ORDER.

                                        s/ Nanette K. Laughrey
                                        NANETTE K. LAUGHREY
                                        United States District Judge

Dated:  July 1, 2009
Jefferson City, Missouri